IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VICTORIA ALBERT,**

      **Plaintiff,**

vs.                                                                    No. Civ. 01-0266 RLP/LCS

**SMITH'S FOOD CENTERS, INC.,**
**DALLON CLARKSON and KEVIN SLOWEY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**I.**      **Background.**

Plaintiff, a New Mexico resident, was previously employed by Smiths's Food and Drug Centers, Inc., ("Smith's" herein) an out of state corporation. (Second Amended Complaint, ¶¶ 2, 3, 4). Defendants Clarkson and Slowey, who are residents of New Mexico, were her store director and district personnel manager, respectively. (Docket No. 1, Notice of Removal, ¶¶ 8, 9; Second Amended Complaint, ¶ 2). Smith's employees are covered by a collective bargaining agreement between Smith's and the United Food Commercial Workers Union, Local 1564 ("CBA" herein).[1]

Plaintiff's Second Amended Complaint, originally filed in New Mexico state court, Second Judicial District, sets out two causes of action. In Count I, Plaintiff seeks recovery against Defendant Smith's[2] for violation of the New Mexico Human Rights Act, §28-1-1 et seq., NMSA 1978 (2000) ("NMHRA"), stating that she was discriminated against because of her disability. (Second Amended

---

[1] Notice of Removal, Docket No.1, ¶7. Plaintiff has not contested the existence of the CBA. She contends that the causes of action asserted in her Second Amended Complaint are independent of the CBA for preemption purposes.

[2] Plaintiff has abandoned her claim against the individual defendants for violation of the NMHRA. (Plaintiff's Reply Brief, Docket No. 18, p. 10).

Complaint, ¶ 5).  In Count II, Plaintiff seeks recovery against Defendants Clarkson and Slowey for intentionally interfering with her existing and prospective contractual relations with Smith's, alleging that they intentionally and wrongfully refused to schedule work hours for her, and/or move her to a position that would reasonably accommodate her disability.  (Second Amended Complaint, ¶¶ 7 & 8).

Defendants removed this action to this court on March 7, 2001, contending that Plaintiff's state-law claims are preempted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 et seq., and further contending that Defendants Clarkson and Slowey were fraudulently joined in order to defeat diversity jurisdiction.  (Docket No. 1).  Plaintiff now moves to remand this action to state district court. (Docket No. 15).

**II.      Fraudulent Joinder**

Defendants argue that Clarkson and Slowey were fraudulently joined to defeat diversity jurisdiction.  In order for this Court to have jurisdiction based on diversity of citizenship, the Plaintiff must be a citizen of a different state than each of the Defendants.  28 U.S.C. §1332, *Caterpiller Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).  The exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined."  Fraudulent joinder is a "term of art."  *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987); *Todd Holding Co., Inc. v. Super Valu Stores, Inc.,* 744 F.Supp. 1025, 1027 (D. Colo. 1990).  Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe,* 811 F.2d at 1339.   The burden of proving fraudulent joinder is on the removing party, who

must prove that "there is no possibility that the Plaintiff would be able to establish a cause of action against the resident defendant in state court. . ." *Frontier Airlines, Inc., v. United Air Lines, Inc.,* 758 F.Supp. 1399, 1404 (D. Colo. 1989). Although the defendant is entitled to present facts showing that the joinder is fraudulent, *McCabe,* 811 F.2d at 1339, all doubts are to be resolved in favor of remand. *Laughlin v. K-Mart Corp.,* 50 F.3d 817, 873 (10th Cir.) *cert. denied,* 516 U.S. 863 (1995).

In order to establish that Clarkson and Slowey were fraudulently joined, Defendants have the burden of proving that Plaintiff would be unable to establish a cause of action for interference with contractual relations under New Mexico law. Plaintiff bases her claim of interference with contract on the terms of an employee handbook. The handbook provides that Smith's will not play favorites and will treat employees equally and fairly; will treat employees as individuals rather than as numbers; will be sympathetic to individual and company needs when considering candidates for transfer, and will be committed to prevention of employment discrimination related to physical or mental handicap as provided by law. (Docket No. 16, p. 6). The handbook further provides that "[n]one of the statements contained herein are to be considered representations or warranties. If any item in this handbook is in direct contradiction to specific clauses of a collective bargaining agreement, the language of the collective bargaining agreement will control for the bargaining unit employee." (Docket No. 17, Ex. B). This statement was acknowledged by Plaintiff. (Docket No. 17, Ex. C).

In *Garcia v. Middle Rio Grande Conservancy District.,* 121 N.M. 728, 731-732, 918 P.2d 7, 10-11 (N.M. 1996), the New Mexico Supreme Court held that:

> [A]n employee handbook may constitute an implied employment contract. *Forrester v. Parker*, 93 N.M. 781, 782, 606 P.2d 191, 192 (1980) (holding that personnel policy guide controlled employee- employer relationship and, therefore, constituted implied

employment contract). We have also recognized that not all personnel manuals may give rise to an implied employment contract. *Lukoski v. Sandia Indian Management Co.*, 106 N.M. 664, 666, 748 P.2d 507, 509 (1988) (stating that not all personnel manuals will become part of employment contracts (quoting *Leikvold v. Valley View Community Hosp.*, 141 Ariz. 544, 548, 688 P.2d 170, 174 (1984) (en banc))). **In New Mexico, "a personnel manual gives rise to an implied contract if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlines**." *Newberry*, 108 N.M. at 427, 773 P.2d at 1234 (citing *Forrester*, 93 N.M. at 782, 606 P.2d at 192). (emphasis added).

In *Garcia*, the plaintiff based his claim of breach of implied contract of employment on an policy manual that contained provisions relating to most every aspect of an employment relationship ( job description, compensation, overtime, compensatory time, time clock violations, tardiness, sick leave and annual leave and holidays), spelled out grounds for promotion or reclassification, and contained an "Administrative Remedies" section applicable for personnel actions that resulted in suspension, termination or demotion. The court found that based on the specificity of its provisions, the policy manual created an implied contract of employment that employees could reasonably rely upon. *Garcia*, 121 N.M. at 11.

In contrast to the manual at issue in *Garcia*, the employee handbook in this case sets out only broad policy goals, not specific provisions related to the employment relationship. Further, the handbook specifically provided that it did not control the employer-employee relationship, referring the employee to the CBA whenever there was a conflict between the handbook and the CBA. Based upon these factors, I find that the employee handbook did not create an express or implied contract of employment. The handbook did not control the employer-employee relationship and further, Plaintiff had no reasonable expectation that her employer would conform to the procedures it outlined, because no procedures related to employment were, indeed, outlined.

Because the handbook did not create an express or implied contract between Smiths and Plaintiff, there is no possibility that Plaintiff could establish a cause of action against Clarkson and Slowey for interference with a contract based on the handbook. Therefore, I find that Clarkson and Slowey were fraudulently joined.

### III.     Preemption

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), preempts state law insofar as resolution of a state law claim requires the interpretation of a collective bargaining agreement. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 412, 108 S.Ct. 1877, 1885, 100 L. Ed. 2d 410 (1988); *Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1121 (10th Cir. 1995), *citing Saunders v. Amoco Pipeline Co.,* 927 F.2d 1154, 1155 (10th Cir.) (citations omitted) *cert. denied,* 502 U.S. 894, 112 S.Ct. 264, 116 L.Ed.2d 217 (1991). Preemption of state law is required if the state claim is " 'inextricably intertwined' with consideration of the terms of a collective bargaining agreement, and/or if state law 'purports to define the meaning of the contract relationship.'" *Allis-Charmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). However, claims made pursuant to state law anti-discrimination statutes are not dependent upon collective bargaining agreements, and not preempted by §301. *Milton v. Scrivner,* 53 F.3d at 1121. *Accord, Martin Marietta Corp, Aero & Navel Systems v. Maryland Commission on Human Relations*, 38 F.3d 1392, 1402 (4th Cir. 1994); *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1335 (6th Cir.) (en banc), *cert denied,* 493 U.S. 992 (1989); *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1528 (9th Cir. 1995). The fact that Smith's may raise provisions of the CBA as a defense to Plaintiff's NMHRA claim does not change this analysis. Even if such a defense requires the Court to construe the CBA, the "presence of a federal question, even a § 301 question, in a defensive

argument" does not require preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law.") *Id*. Therefore, I find that Plaintiff's Claims against Smith's for violation of the New Mexico Human Rights Act are not preempted by § 301 of the LMRA.

### IV.     Conclusion

There is no possibility that Plaintiff could establish a cause of action against Defendants Clarkson and Slowey for interference with a contract based on the handbook. Their citizenship is therefore disregarded in evaluating diversity jurisdiction. Because Plaintiff and Defendant Smiths are diverse, I find that the Court has jurisdiction over Plaintiff's state law claim against Smith's pursuant to 28 U.S.C. §1332.

**IT IS ORDERED** that Plaintiff's Motion to Remand (Docket No. 15) is denied.

**IT IS FURTHER ORDERED** that Defendants Dallon Clarkson and Kevin Slowey be and hereby are dismissed from this action.

RICHARD L. PUGLISI
United States Magistrate Judge
(sitting by designation)

Attorneys for Plaintiff:
J. Douglas Foster, Esq.
Kerri L. Peck, Esq.

Attorneys for Defendants:
Thomas L. Stahl, Esq.
James P. Beig, Esq.