**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**VICTORIA ALBERT,**

    **Plaintiff,**

**vs.**        **NO. CIV-01-266 RLP/LCS   ACE**

**SMITH'S FOOD & DRUG CENTERS, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion to filed a Third Amended Complaint. (Docket No. 28). For the reasons stated herein, Plaintiff's motion will be granted as to Defendant Smith's, but denied as to Mr. Dallon Clarkson and Mr. Kevin Slowey,

**I.   BACKGROUND**

Plaintiff is a former employee of Defendant, Smith Food Centers Inc. ("Smith's" herein). Her proposed Third Amended Complaint contains two Counts. Count I seeks recovery against Smiths, Mr. Clarkson and Mr. Slowey for violations of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA" herein) and the New Mexico Human Rights Act, NMSA §28-1-10(D) ("NMHRA" herein). Count II seeks recovery against Mr. Clarkson and Mr. Slowey for intentional interference with contract. Although not evident from the allegations of the proposed Third Amended Complaint, prior materials submitted to this court establish that Mr. Clarkson and Mr. Slowey were Plaintiff's store director and district personnel manager. (Docket No. 1, Notice of Removal, ¶¶ 8, 9; Second Amended Complaint, ¶ 2).

## II.     MR. CLARKSON & MR. SLOWEY

Plaintiff's Motion to Amend to include claims against Mr. Clarkson and Mr. Slowey, will be denied. The ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition. *Butler v. City of Prairie Village, Kansas,* 172 F.3d 736, 744 (10th Cir. 1999), relying on *Hayes v. Williams* 88 F.3d 898 (10th Cir. 1996) (Holding that personal capacity suits against individual supervisors are inappropriate under Title VII). As to Plaintiff's proposed amendment to include the individuals in her NMHRA claim, Plaintiff has previously conceded that such a claim is prohibited by *Sonnag v. Jerry H.J. Shaw and Shaw & Asso.,* 130 N.M/ 238, 22 P.3d 188 (2001) (See Docket No. 18, p. 10). Plaintiff's interference with contract claim against Mr. Clarkson and Mr. Slowey was the subject of a prior motion, and that claim was dismissed on July 10, 2001 (Docket No. 27). Plaintiff presents no legal authority or argument addressing the reinstatement of that claim. Accordingly, Plaintiff's Motion to amend to include a claim of contractual interference against Mr. Clarkson and Mr. Slowey is denied.

## III.    SMITH'S

Plaintiff's Motion to Amend her Complaint to include a claim against Smith's for violation of the ADA will be granted.

It is not disputed that Plaintiff's original complaint, asserting a claim alleging violation of the NMHRA, was filed within 90 days after she received her right to sue letter from the EEOC. (Docket 33, p. 3). Plaintiff contends that her proposed amendment, adding a claim for violation of the ADA, "relates back" to her original complaint.

The standards applicable to "relation back" were summarized in *Kidwell v. Board of County Commissioners, Shawnee Co.*, 40 F.Supp.2d 1201, 1217 (D. Kan. 1999):

Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The premise underlying Rule 15(c) is "that once notified of pending litigation over particular conduct or a certain transaction or occurrence, the defendant has been given all the notice required for purposes of the statute of limitations."  *Marsh v. Coleman Co., Inc.*, 774 F.Supp. 608, 612 (D.Kan.1991) (*citing Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).  "The linchpin to Rule 15(c) is notice before the limitations period expires." *Id.* (*citing Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).   Put another way, the " '[d]efendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise.' " *Spillman v. Carter*, 918 F.Supp. at 340 (*quoting Masters v. Daniel Intern. Corp.*, 1991 WL 107410, at *10 (D.Kan. May 3, 1991)).

The courts "somewhat liberally" apply the relation back provisions of Rule 15. *Powers v. Graff*, 148 F.3d 1223, 1998 WL 436362, at *2 (11th Cir. Aug.3, 1998). As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts.  *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385-86 (5th Cir.1994); *Marsh,* 774 F.Supp. at 612. "[F]or relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *Bularz v. Prudential Ins. Co. of America*, 93 F.3d 372, 379 (7th Cir.1996) (citations omitted).  On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences.  *F.D.I.C. v. Conner*, 20 F.3d at 1385-86.  It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence. *Wilson v. Fairchild Republic Co., Inc.*, 143 F.3d 733, 738 (2nd Cir.1998).

Plaintiff's ADA claim arises out of the same conduct, transaction, and occurrence as alleged in her original complaint, discrimination against her based on her disability.  Plaintiff's Charge of Discrimination submitted to the New Mexico Human Rights Division and the EEOC on November 16, 1999, alleged a violation of the ADA (Docket No.33, Ex. 1), and the factual circumstances of her claim were set out in the Pretrial Order (Docket No. 22, p. 2).  Accordingly, Smith's was apprised of the general fact situation out of which Plaintiff's ADA claim arises.

I also find, however, that Smith's should be given the opportunity to conduct such additional discovery in light of the inclusion of a new theory of recovery against it.  General Discovery is currently scheduled to terminate on September 4, 2001.  (Docket No. 22).  Plaintiff was recently granted leave to conduct specified additional discovery through September 30, 2001.  (Docket No. 44).  Smith's will be granted an additional 45 days within which to conduct such additional discovery it deems necessary.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1)     Plaintiff's Motion to Amend to File Third Amended Complaint is granted as to claims asserted against Defendant Smith's Food & Drug Centers, Inc.;

(2)     Plaintiff's Motion to Amend to File Third Amended Complaint is denied as to claims asserted Dallon Clarkson and Kevin Slowey;

(3)     Defendant Smith's is granted through October 15, 2001, to conduct such additional discovery as it deems necessary.

　　　　　　　　　　　　　　　　　　　　　　/s/ Richard L. Puglisi
　　　　　　　　　　　　　　　　　　　　　　RICHARD L. PUGLISI
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　　　　　　　(sitting by designation)

For the Plaintiff:
　　Foster•Johnson•McDonald•Lucero•Koinis, LLP
　　J. Douglas Foster, Esq.
　　Kerri L. Peck, Esq.

For the Defendant:
　　Rodey, Dickason, Sloan, Akin & Robb, P.A.
　　Thomas L. Stahl, Esq.