# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

        Plaintiff,

vs.                                         CIVIL NO. 01-266 RLP/LCS

SMITH'S FOOD AND DRUG
CENTERS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on Defendant Smith's Food and Drug Centers, Inc.'s ("Smith's") Motion for Summary Judgment on Plaintiff's ADA Claim **(Docket No. 82)**, the court having read the motion, the memoranda in support of and in opposition to the motion, and following argument from counsel, finds that the motion is well-taken and will be **GRANTED.**

Smith's moves this court for summary judgment on Plaintiff Victoria Albert's ("Albert's") claim made under the Americans with Disabilities Act ("ADA"). Albert alleges her asthma is an ADA disability. Smith's maintains there is no material factual dispute on the issue of whether Albert is disabled under the ADA. Fed.R.Civ.P. 56(b) and (c).

Albert argues her asthma constitutes a physical impairment that has resulted in a disability under the ADA. In order to establish such a claim, Albert must prove that her asthma substantially limits one or more major life activities. 42 U.S.C. § 12102(2). Albert argues she is substantially limited in the major life activities of "breathing" and "working".

Albert began working at Smith's in 1986. On August 28, 1999, Albert had an

asthma attack while working and had to leave work. Albert returned to work on October 18, 1999. She worked through November 5, 1999. Albert left her employment with Smith's because she maintains she was unable to work as a checker because of her asthma. Smith's intended that Albert to return to her checker position and would not accommodate her by moving her to a different position.

The United States Supreme Court has recently defined the term "substantially limited":

> to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must be permanent or long-term. See 29 C.F.R. §§ 1630.2(j)(2)(ii) - (iii)(2001).

*Toyota Motor Mfg v. Williams,* -- U.S. --, 122 S.Ct. 681, 2002 WL 15402, *9.

To show a disability, more is required than a medical diagnosis or interference with the individual's particular job. *Id.* at -- 2002 WL 15402, *10*. The determination of disability is made on a case-by-case basis. *Id.* The determination is not "based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual". *Id.* (citation and internal quotation marks omitted). Further, the central inquiry must be whether the plaintiff is unable to perform the variety of tasks required to be performed in most people's daily lives and not whether a plaintiff is unable to perform on-the-job duties. *Id.* at --, 2002 WL 15402, *11.

Hence, the question of whether or not an individual has a disability is not to be determined by analyzing the effect of the impairment in the workplace, because tasks

2

"unique to any particular job are not necessarily important parts of most people's lives." *Id.* at WL 15402, *12. The court noted with regard to a plaintiff's particular impairment, that the determination should be made by analyzing the impact of her impairment on daily hygiene, dressing, cooking, housecleaning, activities such as picking up and putting things away, gardening, etc. *Id.*

Albert has had asthma since childhood. A number of substances can trigger her asthma including crowds, cats, onions, pollen, cleaning solutions, aftershaves and cold temperatures. However, Albert's asthma limits her daily life activities only when she is having an attack. The frequency of these attacks is 3 to 5 times annually. Following these attacks she is able to go about her daily activities. Albert has not shown that her asthma condition restricts her from doing activities that are of a central importance to most people's daily lives. Therefore, although the plaintiff has established that she suffers from a physical impairment, she has not shown that her physical impairment substantially limits a major life activity and therefore she is not disabled within the meaning of the ADA.

**IT IS THEREFORE ORDERED** that Smith's Motion for Summary Judgment on Plaintiff's ADA Claim is **GRANTED** and this case is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

J. Douglas Foster, Esquire - Attorney for Plaintiff
Thomas L. Stahl, Esquire - Attorney for Defendant