# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

        Plaintiff,

v.                                    No. CIV 01-266 RLP/LCS

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Motion in Limine to Exclude Evidence Regarding Plaintiff's August 29, 1999 Phone Call with Mr. Clarkson, filed August 30, 2004.  [Doc. No. 151.]  Plaintiff Victoria Albert ("Albert") submitted her response on September 7, 2004.  [Doc. No. 161.]

### Background

On January 29, 2004, the  Tenth Circuit Court of Appeals reversed this court's grant of summary judgment to Smith's on Albert's Americans with Disabilities Act ("ADA") claim.  The case now proceeds to trial on Albert's sole claim of ADA discrimination.

### Motion in Limine as to Telephone Call with Mr. Clarkson

Smith's moves to exclude evidence that Dallon Clarkson, the store's Director where Albert worked, yelled at her on August 29, 1999 when she began taking Family and Medical Leave Act ("FMLA") leave.  Albert testified that she called Mr. Clarkson to tell him she was not coming in, and that he yelled at her about her absenteeism and her job title.  Smith argues that any such evidence is

1

not relevant and even if relevant, it is substantially outweighed by risk of undue prejudice or confusion to the jury. Fed. R. Evid. 402, 403.

More specifically, Smith's states that this is not a FMLA case, nor does it concern the tone of Mr. Clarkson's voice when he spoke to Albert in August 1999. Smith's also argues that the Tenth Circuit Court of Appeals, in its decision, stated that the interactive process began on October 14, 1999. Thus, any evidence of communications before that date would not be relevant.

Albert responds that the evidence is relevant because the Store Manager's alleged reaction to Albert's absence from work due to a asthma attack is probative of Smith's attitude about Albert and her alleged disability. Albert also claims that Mr. Clarkson's alleged outburst is relevant in determining whether Smith's made a "good faith effort" to accommodate Albert. Finally, Albert asserts that Mr. Clarkson's alleged threat to demote her which he purportedly carried out is relevant to whether one of the positions she identified might have constituted a reasonable accommodation, had Albert not been demoted.

## Analysis

The Court concludes that Mr. Clarkson's conversation with Albert on August 29, 1999 is relevant and that testimony about the conversation may be presented at trial. Thus, the Court overrules Smith's objections that the conversation was not relevant and that even if relevant, was substantially outweighed by risk of unfair prejudice to Smith's or confusion to the jury. Discussions about Albert's leave from work due to her asthmatic condition and an alleged demotion during her leave may be relevant as to what actions Smith's took in later attempting to find a reasonable accommodation for Albert. Smith's, of course, will be able to explain any actions it took with respect to Albert's pay deduction or alleged demotion, and can also provide testimony to rebut Albert's

2

testimony that Clarkson was abusive to her during a telephone conversation.  The fact that the telephone conversation preceded the actual interactive process does not make it irrelevant especially when the conversation occurred only a month or more before the interactive process began.

### Conclusion

For the above-stated reasons, the court concludes that Smith's motion to exclude evidence regarding the telephone call between Albert and Mr. Clarkson is denied.

IT IS THEREFORE ORDERED that Smith's Motion in Limine to Exclude Evidence Regarding Plaintiff's August 29, 1999 Phone Call with Mr. Clarkson [Doc. No. 151]  is DENIED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

3