IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

        Plaintiff,

v.                                              No. CIV 01-266 RLP/LCS

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Motion in Limine to Exclude Evidence that Plaintiff's Pay Rate was Cut in August 1999, filed August 30, 2004. [Doc. No. 145.] Plaintiff Victoria Albert ("Albert") submitted her response on September 7, 2004.[1] [Doc. No. 161.]

### Background

On January 29, 2004, the Tenth Circuit Court of Appeals reversed this court's grant of summary judgment to Smith's on Albert's Americans with Disabilities Act ("ADA") claim. The case now proceeds to trial on Albert's sole claim of ADA discrimination.

### Motion in Limine as to August 1999 Pay Cut

Smith's argues that evidence of Albert's 17 cents/hour pay cut in August 1999 should be excluded from evidence at trial because it is not relevant and would be unduly prejudicial.

---

[1] Albert's response brief includes responses to all six of Smith's separate motions in limine.

Fed.R.Evid. 402 and 403. Smith's further asserts that the pay cut had nothing to do with the failure to accommodate claim or alleged disability discrimination. Smith's explains that employees who were classified as "key carriers" or front end managers for payroll purposes received the additional 17 cents/hour. The Store Director testified that in August 1999, the store determined it had too many employees being paid as key carriers and therefore, reduced a number of employee's salaries, including Albert's, for the same reason.

For these reasons, Smith's asserts that the evidence is irrelevant to the ADA claim, and even if relevant, its relevance is substantially outweighed by risk of unfair prejudice.

Albert responds that the evidence is relevant and should be admitted because at least one of the positions to which Albert allegedly might have been reassigned has been characterized a "promotion" because it involved a pay increase. However, if Albert had continued to receive her same pay, without the 17 cent reduction, the position at issue would not have been a "promotion." Thus, according to Albert, the only reason this position would have been deemed a "promotion" is because of the 17 cent pay cut.

In addition, Albert presents deposition testimony from Dallon Clarkson, Director of the Smith's store where Albert worked, that appears equivocal regarding why the pay cut was made or why Albert's pay was cut before any other employee received the same pay reduction.

**Analysis**

While the pay cut may have no relevancy as to whether Albert is disabled, the Court concludes the evidence could be relevant regarding whether Albert received a reasonable accommodation or could have been reasonably accommodated. Thus, the Court rejects Smith's relevancy argument and also rejects its position that even if relevant, the evidence would be unfairly prejudicial and would

inflame the jury. Smith's will have the opportunity to present evidence of why it determined the pay cut was necessary and why it decided, if true, to cut Albert's pay before any other employee received a pay reduction.

### Conclusion

For all of the above stated reasons, Smith's motion in limine concerning Albert's pay cut in 1999 is denied.

IT IS THEREFORE ORDERED that Defendant Smith's Motion in Limine to Exclude Evidence that Plaintiff's Pay Rate was Cut in August 1999 [Doc. No. 145] is DENIED.

                                                                       Richard L. Puglisi
                                          United States Magistrate Judge
                                              (sitting by designation)