IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

        Plaintiff,

v.          No. CIV 01-266 RLP/LCS

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Motion in Limine to Exclude Evidence that Plaintiff's Seniority Date was Changed, filed August 30, 2004. [Doc. No. 148.] Plaintiff Victoria Albert ("Albert") submitted her response on September 7, 2004. [Doc. No. 161.]

### Background

On January 29, 2004, the Tenth Circuit Court of Appeals reversed this court's grant of summary judgment to Smith's on Albert's Americans with Disabilities Act ("ADA") claim. The case now proceeds to trial on Albert's sole claim of ADA discrimination.

### Motion in Limine as to Seniority Date Change

Smith's requests that evidence be excluded at trial that it changed Albert's seniority date in its computer system. Smith's argues that such evidence about Albert's seniority date is not relevant and even if relevant, it is substantially outweighed by risk of undue prejudice. Fed. R. Evid. 402 and

403. Smith's also asserts that the evidence should be excluded because the seniority date change, while admitted, was due to an innocent computer glitch about which Albert has no foundation or knowledge to testify. Fed. R. Evid. 403 and 602.

In addition, Smith's argues that the seniority date change has nothing to do with the allegations that it failed to accommodate Albert's disability. Smith's further comments that in its response to written discovery, Smith's explained that no actual change in seniority date occurred and that the change was due to a computer program bug.

Albert responds that the change in her seniority date from her hire date of April 8, 1986 to August 29, 1999 is relevant because seniority provided important rights to employees. Albert appears to speculate that her actual seniority date was considered by Smith's and might have affected its decision that it had no more hours for her. Moreover, Albert presents no argument or evidence that employees with less seniority than Albert were given vacant positions for which she was qualified. In addition, Albert presents no evidence that Smith's considered the erroneous change in seniority date in reaching any of its decisions about Albert. As stated above, Smith's asserts that the mistake was nothing but a computer glitch and that Albert's seniority status was not changed.

Based on the pleadings, attachments and pertinent law, the Court concludes that the proposed evidence of the seniority status change is not relevant and that even if minimally relevant, the evidence is substantially outweighed by risk of unfair prejudice or confusion to the jury. Fed. R. Evid. 403. Thus, the Court will exclude the evidence.

## Conclusion

For the above-stated reasons, the Court concludes that Smith's motion to exclude evidence and testimony about the change made to Albert's seniority date is granted.

IT IS THEREFORE ORDERED that Smith's Motion in Limine to Exclude Evidence that Plaintiff's Seniority Date was Changed [Doc. No. 148] is GRANTED.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)