## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

       Plaintiff,

v.                                                          No. CIV 01-266 RLP/LCS

SMITH'S FOOD & DRUG CENTERS, INC.,

       Defendant.

### MEMORANDUM OPINION AND ORDER

#### Introduction

THIS MATTER is before the Court on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Motion in Limine and Memorandum in Support to Exclude Evidence that Defendant Should Have Reassigned Plaintiff, filed August 30, 2004.  [Doc. No. 146.]  Plaintiff Victoria Albert ("Albert") submitted her response on September 7, 2004.  [Doc. No. 161.]

#### Background

On January 29, 2004, the  Tenth Circuit Court of Appeals reversed this court's grant of summary judgment to Smith's on Albert's Americans with Disabilities Act ("ADA") claim.  The case now proceeds to trial on Albert's sole claim of ADA discrimination.

#### Motion in Limine as to Reassignment

Smith's asserts that Plaintiff should not be permitted to introduce evidence that she should have been reassigned to five positions that she identified as reasonable accommodations (Scan Coordinator, Scan Coordinator Back-Up, Inventory Control Manager/Receiver, ICM Specialist, and

1

Nutrition Clerk).  As grounds for its request, Smith's states that Albert either was not qualified for the positions or some of the positions would have resulted in a promotion to her.

Albert responds that she will not present evidence regarding the ICM Specialist but that she does intend to present evidence regarding the other four positions as well as a number of other positions.

## Analysis

It is true that the ADA does not require employers to accommodate employees by placing them into positions for which they are not qualified or by promoting them.  Smith v. Midland Brake, Inc., 180 F.3d 1154, 1176, 1179 (10th Cir. 1999).  However, one of the issues in this case is whether Albert was qualified to perform any or all of the identified positions and/or whether some of the positions actually were promotions.  Thus, Albert will be permitted to introduce evidence regarding the pertinent positions (that were available and for which she claims she was qualified), and Smith's, of course, will be allowed to present evidence that the positions were not available, that Albert allegedly could not perform the positions or that the jobs were promotions to which Albert was not entitled.

## Conclusion

For the reasons stated above, Smith's Motion in Limine regarding positions to which Albert might have been reassigned is denied.

IT IS THEREFORE ORDERED that Smith's Motion in Limine and Memorandum in Support to Exclude Evidence that Defendant Should Have Reassigned Plaintiff [Doc. No. 146] is DENIED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

2