IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA ALBERT,

        Plaintiff,

v.          No. CIV 01-266 RLP/LCS

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

### MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's") Motion in Limine and Memorandum in Support to Exclude Evidence from Plaintiff's Personnel File that She is Disabled, filed August 30, 2004. [Doc. No. 147.] Plaintiff Victoria Albert ("Albert") submitted her response on September 7, 2004. [Doc. No. 161.]

### Background

On January 29, 2004, the Tenth Circuit Court of Appeals reversed this court's grant of summary judgment to Smith's on Albert's Americans with Disabilities Act ("ADA") claim. The case now proceeds to trial on Albert's sole claim of ADA discrimination.

### Motion in Limine as to "Disability" Designation in Personnel File

Smith's moves to exclude evidence of Albert's alleged disability based on a document in her personnel file that contains the notation "Y" in response to the data field "Disabled" and all similar evidence. Smith's argues that the evidence is not relevant as to whether Albert is substantially limited

1

as to a major life activity and that even if relevant, the evidence is substantially outweighed by risk of undue prejudice to the defendant. Fed. R. Evid. 402, 403. Smith's explains that while it is unclear who made this notation in Albert's personnel file, Smith's believes that the employees themselves self-identify this type of information on personnel forms, e.g., gender, veteran status, home ownership, ability to speak certain languages and disability. Thus, if Albert did make this notation, she should not be permitted to introduce as evidence her own self-serving conclusion that she was disabled as reflected on a personnel form. Albert denies that she made the notation and does not know who made the designation under "disabled" on the form.

Smith's also contends that this type of evidence is not probative of whether Albert was disabled under the ADA because this is not a "regarded as" or "record of" ADA case.

Albert responds that the designation of "Y" under "Disabled" is relevant to the question of whether Albert had a "record of" impairment or whether she was "regarded as" having an impairment, which are part of what Albert must prove with respect to her ADA claim.

## Analysis

"Disability is a term of art under the ADA." Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495 (10th Cir.2000). To prove that she was disabled as defined by the ADA, Albert must prove that she had a physical or mental impairment that substantially limited one or more of her major life activities, or she must prove that she has a record of a disability or is regarded as disabled by Smith's. 42 U.S.C. § 12102(2)(A). The inquiry is highly fact-intensive, focusing on Albert's physical condition, her day-to-day activities, and her ability to function in comparison to others. 29 C.F.R. § 1630.2(j); Bristol v. Board of County Com'rs of County of Clear Creek, 281 F.3d 1148, 1159 (10th Cir.), *rev'd on other grounds and vacated in part,* 312 F.3d 1213 (10th Cir. 2002).

Here, it is unclear who made the notation on the personnel form, why it was made, and/or if it was made in accordance with ADA definitions. Thus, even if the notation could be considered evidence that Albert had a "record of" a disability or was "regarded as" disabled by Smith's, the question remains as to whether the notation even referred to this particular impairment, i.e., whether Albert had a "record of" asthma or was "regarded as" being disabled because of asthma. The notation is too vague in view of not knowing who wrote the "Y" or what it might have meant by the unknown author.

Thus, the Court agrees that such evidence, even if minimally relevant, is substantially outweighed by risk of unfair prejudice to the defendant and risk of confusion to the jury. Fed. R. Evid. 403. Accordingly, the evidence, and any testimony about it, will be excluded at trial.

## **Conclusion**

For the above-stated reasons, the court concludes that Smith's motion to exclude evidence of "disability" from Albert's personnel form is granted.

IT IS THEREFORE ORDERED that Smith's Motion in Limine and Memorandum in Support to Exclude Evidence from Plaintiff's Personnel File that She is Disabled [Doc. No. 147] is GRANTED.

                                                Richard L. Puglisi
                                          United States Magistrate Judge
                                             (sitting by designation)